IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CRYSTAL ANN CLAYTON MAKOUSKY,

    Plaintiff,

vs.                                                                 CASE NO.: 6:05-cv-617-Orl-22KRS

WING KING THREE, INC.,
CO-ADVANTAGE RESOURCES, INC.,
BEEF O'BRADYS, INC.,
JULIA STEVENSON, and
BILL STEVENSON,

    Defendants.
_____/

## SECOND AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Crystal Ann Clayton Makousky, by and through undersigned Counsel, and states:

Count 1.  Pregnancy Discrimination
against Corporate Defendants only
42 U.S.C. § 200E, ET SEQ.

1.    This Court has original jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, based on Ms. Clayton's federal civil rights claims; and, has supplemental jurisdiction of her state law claims pursuant to 28 U.S.C. § 1367.

2.    Venue is proper in this Court because the actions complained of herein arose in Brevard County, Florida.

3.    Plaintiff, Crystal Ann Clayton Makousky, is an African-American black woman, a resident of Brevard County, Florida, and a citizen of the United States.

4A.    Defendant, Wing King Three, Inc., is a Florida corporation that owns and operates the Beef O'Bradys restaurant located on Highway 524 in Cocoa, Brevard County, Florida, and is subject to suit in this Court.

4B. Upon information and belief, Defendant, Beef O'Bradys, Inc., is a Florida corporation that is closely related to Wing King Three, Inc.; co-owns and operates the Beef O'Bradys restaurant located on Highway 524 in Cocoa; and, is subject to suit in this Court.

4C. Upon information and belief, Defendant, Co-Advantage Resources, Inc., is a Florida corporation that is closely related to Wing King Three, Inc.; and jointly employs the employees who work at the Beef O'Bradys restaurant; and, is subject to suit in this Court. Wing King Three, Inc., Co-Advantage Resources, Inc., and Beef O'Bradys, Inc., are referred to collectively herein as "the corporate Defendants".

5. Defendant, Julia Stevenson, is a white woman and a Florida resident who manages the Beef O'Bradys restaurant.

6. Defendant, Bill Stevenson, is a white man, a Florida resident who is married to Julia Stevenson, and co-manages the Beef O'Bradys restaurant.

7. On or about September 1, 2004, Ms. Makousky, not yet married and known as Ms. Clayton, was hired by Defendants and began working at the Beef O'bradys restaurant as a server.

8. On or about December 31, 2004, when Ms. Makousky was about ten weeks along in her pregnancy, she informed the Stevensons that she was pregnant.

9. On or about December 31, 2004, Ms. Makousky was fired from her job at the Beef O'Bradys restaurant by the Stevensons.

10. At the time Mrs. Stevenson fired Ms. Makousky, Mrs. Stevenson stated that Ms. Makousky was fired because Ms. Makousky was pregnant.

11. The corporate Defendants are covered employers of Plaintiff under the Pregnancy Discrimination Act (the PDA) and Title VII.

12. Ms. Makousky is a member of the protected class and a covered employee under the PDA and Title VII.

13. Ms. Makousky has exhausted her administrative remedies by filing a complaint with the EEOC on or about February, 2005; i.e., less than 300 days after the discrimination occurred; and, filed this lawsuit before 90 days elapsed after obtaining her Right-To Sue letter from the EEOC.

14. The corporate Defendants discharged Ms. Makousky because of Ms. Makousky's gender and pregnancy.

15. At all times relevant, the Stevensons were acting within the course and scope of their duties as managers and agents of the corporate Defendants.

16. In firing Ms. Makousky, the corporate Defendants acted wilfully, wantonly, maliciously, and/or with deliberate and callous indifference to Ms. Makousky's federally protected rights.

17. Ms. Makousky has been damaged by the corporate Defendants as a result of the violations as alleged in this count, Ms. Makousky was injured and suffered damages, including emotional distress, mental anguish, economic damages, and costs of protecting her legal rights.

18. Ms. Makousky requests from the corporate Defendants, jointly and severally, compensatory and punitive damages, and all other relief that is just and equitable (except reinstatement), including costs and attorney fees as provided by the PDA, Title VII, 42 U.S.C. § 1981A, and 42 U.S.C. § 1988.

<u>Count 2. Racial Discrimination against all Defendants</u>
<u>42 U.S.C. § 1981</u>

19. Ms. Makousky realleges Paragraphs 1 through 10.

20. At all times relevant, Defendants knew that a white man, Trent Makousky, was Ms. Makousky's fiance and the father of the baby with which Ms. Makousky was pregnant.

21. In early January, 2005, when Mr. Makousky obtained Ms. Makousky's final paycheck from Mr. Stevenson, Mr. Stevenson stated that Mr. Makousky was a "monkey lover".

22. The term "monkey lover", as used by Mr. Stevenson, was a racially derogatory term referring to African-Americans in general, and to Ms. Makousky in particular, as

"monkeys"; and, as such, evinced all Defendants' racial animus towards Ms. Makousky and all other African-Americans.

23. Besides Ms. Makousky's pregnancy, Defendants fired Ms. Makousky because of their racial animus towards black African-Americans and miscegenation.

24. Ms. Makousky was apprised of and distressed by the "monkey" remark and of Defendants' racial animus.

25. Because Defendants fired Ms. Makousky because of her race, Defendants denied Ms. Makousky her right to make and enforce contracts; i.e., Ms. Makousky's oral employment contract with the corporate Defendants; as is enjoyed by white citizens.

26. At all times relevant, the Stevensons were acting within the course and scope of their duties as managers and agents of the corporate Defendants and each other.

27. In firing Ms. Makousky, all Defendants acted wilfully, wantonly, maliciously, and/or with deliberate and callous indifference to Ms. Makousky's federally protected rights.

28. As a result of the violations as alleged in this count, Ms. Makousky was injured and suffered damages, including emotional distress, mental anguish, economic damages, and the costs of protecting her legal rights.

29. Ms. Makousky requests from all Defendants, jointly and severally, compensatory and punitive damages, and all other relief that is just and equitable, including costs and attorney fees as provided by 42 U.S.C. § 1988.

Demand for Jury Trial

Ms. Makousky demands trial by jury on all issues so triable.

s/ Mark Tietig
Mark Tietig, Trial Counsel
Fla. Bar No. 105465
Attorney for Plaintiff
Tietig & Tietig, P.A.
Merritt Island, FL 32952
6065 South Tropical Trail
(321) 452-9944
Fax: (321) 452-8942
MT@tietig.com

CERTIFICATE OF SERVICE

      I hereby Certify that on this 13th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: Stacey Blank, Att'y ; Holland & Knight; P.O. Box 1288; Tampa, FL 33601;  fax (813) 229-0134.


s/ Mark Tietig
Mark Tietig, Trial Counsel
Fla. Bar No. 105465
Attorney for Plaintiff
Tietig & Tietig, P.A.
Merritt Island, FL 32952
6065 South Tropical Trail
(321) 452-9944
Fax:(321) 452-8942
MT@tietig.com