**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CRYSTAL ANN CLAYTON MAKOUSKY,**

    **Plaintiff,**

-vs-                                         Case No. 6:05-cv-617-Orl-KRS

**WING KING THREE, INC., CO-ADVANTAGE RESOURCES, INC., BEEF O'BRADYS, INC., JULIA STEVENSON, and BILL STEVENSON,**

    **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on Defendant Co-Advantage Resources, Inc.'s, Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. No. 55). Plaintiff Crystal Ann Clayton Makousky filed a response to the motion. (Doc. No. 56). The matter is before me for resolution pursuant to the consent of the parties.

**I.    ALLEGATIONS OF THE COMPLAINT**.

This case arises from alleged violations of the Pregnancy Discrimination Act ("PDA"), enacted as part of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and 42 U.S.C. § 1981. (Doc. No. 50). Plaintiff Makousky, an African-American black woman, alleges that she was terminated from her employment by Bill and Julia Stevenson, the managers of a Beef O'Brady's restaurant where Makousky worked, because she was pregnant and because of the defendants' racial animus towards black African-Americans and miscegenation. (Doc. No. 1 ¶¶ 14, 23)  Following her

termination, she alleges that Bill Stevenson, the co-manager of the restaurant, made a racially derogatory remark to Makousky's fiancé (now spouse). (*Id.* ¶ 21).

On September 13, 2005, Makousky filed a Second Amended Complaint ("SAC") that named Wing King Three, Inc., Beef O'Brady's, Inc., and Co-Advantage Resources, Inc., as corporate defendants, and Julia Stevenson and Bill Stevenson as additional individual defendants. (Doc. No. 50.) In the SAC, Makousky alleges that Wing King Three, Inc., is a Florida corporation that owns the restaurant at which Makousky worked. (*Id.* ¶ 4A). She further alleges that Beef O'Brady's Inc. co-owns and operates the restaurant at which Makousky worked, and that this corporation is "closely related" to Wing King Three, Inc. (*Id.* ¶ 4B). She alleges that Co-Advantage Resources, Inc. jointly employed the individuals working at the restaurant, and that this corporation is "closely related to Wing King Three, Inc. (*Id.* ¶4C.). Finally, she alleges that Julia and Bill Stevenson were acting within the scope of their duties as managers and agents of each of the corporate defendants. (*Id.* ¶ 15).

Makousky further generally alleges that each of the corporate defendants is a covered employer under the PDA and Title VII. (*Id.* ¶ 11). She also alleges that she had a contract of employment with each of the corporate defendants. (*Id.* ¶ 25).

On November 7, Co-Advantage filed the present motion to dismiss for failure to state a claim upon which relief can be granted. (Doc. No. 55.) Makousky filed a response opposing the motion. (Doc. No. 56). All parties have consented to resolution of the case by me pursuant to 28 U.S.C. § 636.

## II.     STANDARD OF REVIEW ON MOTION TO DISMISS.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail

the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." ). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974); *see also Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986) (holding that the issue in a Rule 12(b)(6) motion to dismiss "is not whether [the plaintiff] will ultimately prevail on [his or her claim], but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove the[] allegations.").

### III.   ANALYSIS.

Co-Advantage's motion to dismiss is premised on four arguments. First, that the SAC fails to allege facts showing that Co-Advantage is an employer for purposes of Title VII; second, that the SAC does not allege that there was a contractual relationship between Makousky and Co-Advantage and that the alleged racially derogatory statement was made after Makousky was terminated by a person who was not acting for Co-Advantage; third, that Makousky failed to name Co-Advantage as a defendant in her EEOC complaint; and fourth, that the SAC fails to set forth facts sufficient for liability under the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k)(hereinafter, the "PDA"). I will address each of these arguments in turn.[1]

---

[1] In its motion, Co-Advantage presents the Court with information that is not contained in the SAC. The information is not supported by any evidence in the form required by Fed. R. Civ. P. 56, which would be necessary before the Court could convert the motion to dismiss to a motion for summary judgment as provided for in Fed. R. Civ. P. 12(b). Therefore, I do not consider any information other than the allegations of the SAC.

*A.     Whether Co-Advantage is an Employer for Purposes of the PDA.*

Title VII, of which the PDA is a part, applies only to employers. *See Llampallas v. Mini-Circuits, Lab, Inc.*, 163 F.3d 1236, 1242-44 (11th Cir. 1998). As defined in the statute, an employer is any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). While the statute speaks in the singular, courts have consistently allowed aggregation of multiple parties as employers in specific circumstances. In the Eleventh Circuit, there are three broad situations in which aggregation may be appropriate.

> First, where two ostensibly separate entities are "highly integrated with respect to ownership and operations," we may count them together under Title VII. This is the "single employer" or "integrated enterprise" test. Second, where two entities contract with each other for the performance of some task, and one company retains sufficient control over the terms and conditions of employment of the other company's employees, we may treat the entities as "joint employers" and aggregate them. This is the "joint employer" test. Third, where an employer delegates sufficient control of some traditional rights over employees to a third party, we may treat the third party as an agent of the employer and aggregate the two when counting employees. This is the "agency" test.

*Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1341 (11th Cir. 1999) (internal citations and quotations omitted).

Here, the SAC alleges that Co-Advantage "is closely related to Wing King Three, Inc.; and jointly employs the employees who work at the Beef O'Brady's restaurant." (Doc. No. 50 ¶ 4C.) This is the only time the SAC mentions Co-Advantage specifically. Co-Advantage argues that these allegations are conclusions requiring supporting facts, none of which are provided in the SAC. (Doc. No. 55 ¶ 9.) While the SAC does not elaborate on the relationship between Co-Advantage and the other defendants, by alleging that Co-Advantage "jointly employs the

-4-

employees who work at the Beef O'Brady's restaurant," the SAC sets forth a short and plain statement of a claim that may support liability under the PDA. Thus, the SAC is sufficient to withstand the motion to dismiss Count One.

> B. *Whether the Allegations of Violation of 42 U.S.C. § 1981 Are Sufficient to State a Claim.*

The relevant language of 42 U.S.C. § 1981 is as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. . . .
> The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

42 U.S.C. § 1981(a) and (c). Generally, the elements of a claim under section 1981 are as follows: (1) that plaintiff is a member of a racial minority; (2) an intent to discriminate based on race by the defendant; and (3) that the discrimination concerned an activity enumerated in the statute. *See Baker v. McDonald's Corp.*, 686 F. Supp. 1474, 1481 (S.D. Fla. 1987).

Co-Advantage's first assertion is that there was no contractual relationship between it and Makousky. However, the SAC alleges that Makousky had a contract with each of the corporate defendants. Co-Advantage is one of the corporate defendants.

Co-Advantage next asserts that the racially derogatory statement was allegedly made by a person who was not connected to Co-Advantage. However, the SAC alleges that Bill Stevenson,

the person who allegedly made the comment, was a manager and agent of each of the corporate defendants. As noted above, Co-Advantage is one of the corporate defendants.

Co-Advantage also asserts that the allegedly racially derogatory statement was made after Makousky was terminated from her job, and that there are no allegations linking this statement to her termination. Makousky argues that the post-termination comment is evidence of the motive for her termination. She alleges that both Julia and Bill Stevenson terminated her, and that the termination occurred, in part, due to racial animus. These allegations are sufficient to withstand the motion to dismiss.

### C. *Scope of the EEOC complaint.*

Title VII, which includes the PDA, requires a plaintiff to file a complaint with the Equal Employment Opportunity Commission. *See* 42 U.S.C. § 2000e-5; *Gregory v. Ga. Dept. Of Human Resources*, 355 F.3d 1277, 1279 (11th Cir. 2004). The purpose of this administrative exhaustion requirement "'is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts.'" *Gregory*, 355 F.3d at 1279 (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 460 (5th Cir. 1970)). Therefore, the Eleventh Circuit has held, "[o]rdinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action. This naming requirement serves to notify the charged party of an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." *Virgo v. Riviera Beach Assoc., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994).

Here, the SAC alleges that an EEOC complaint was filed and that a right to sue letter was issued. Because the SAC does not indicate which parties were identified in the EEOC complaint and does not attach the right to sue letter[2], the allegations of the SAC are insufficient to support Co-Advantage's argument that it was not named in the EEOC charge of discrimination.

   D.   *Knowledge of Makousky's protected status.*

The final argument is that the claim of pregnancy discrimination must fail because there is no allegation that Co-Advantage was aware of Makousky's pregnancy. However, SAC alleges that the Stevensons, who received actual notice of Makousky's pregnancy, were agents of the corporate defendants, including Co-Advantage. This allegation is sufficient, if believed, to impute knowledge of Makousky's pregnancy to Co-Advantage.

**IV.   CONCLUSION.**

For the reasons explained above, Defendant Co-Advantage Resources, Inc.'s, Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. No. 55) is **DENIED**.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

   [2] Co-Advantage cites no authority supporting its assertion that the right-to-sue letter must be attached to the complaint.

Here, the SAC alleges that an EEOC complaint was filed and that a right to sue letter was issued. Because the SAC does not indicate which parties were identified in the EEOC complaint and does not attach the right to sue letter[2], the allegations of the SAC are insufficient to support Co-Advantage's argument that it was not named in the EEOC charge of discrimination.

   D.   *Knowledge of Makousky's protected status.*

The final argument is that the claim of pregnancy discrimination must fail because there is no allegation that Co-Advantage was aware of Makousky's pregnancy. However, SAC alleges that the Stevensons, who received actual notice of Makousky's pregnancy, were agents of the corporate defendants, including Co-Advantage. This allegation is sufficient, if believed, to impute knowledge of Makousky's pregnancy to Co-Advantage.

**IV.   CONCLUSION.**

For the reasons explained above, Defendant Co-Advantage Resources, Inc.'s, Motion to Dismiss Plaintiff's Second Amended Complaint with Prejudice (Doc. No. 55) is **DENIED**.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

   [2] Co-Advantage cites no authority supporting its assertion that the right-to-sue letter must be attached to the complaint.