**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CRYSTAL ANN CLAYTON MAKOUSKY,**

      **Plaintiff,**

      vs.                                 CASE NO. 6:05-cv-617-Orl-22KRS

**WING KING THREE, INC.,
CO-ADVANTAGE RESOURCES, INC.,
BEEF O'BRADY'S, INC.,
JULIA STEVENSON, and
BILL STEVENSON,**

      **Defendants.**
_____\

**DEFENDANT CO-ADVANTAGE RESOURCES, INC.'S
ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT:
DEMAND FOR JURY TRIAL**

Defendant CO-ADVANTAGE RESOURCES, INC. ("Co-Advantage" or "Defendant"), by and through its undersigned counsel answers Plaintiff's Second Amended Complaint and states:

**Count I. Pregnancy Discrimination
against Corporate Defendants only
42 U.S.C. §2000e, et seq.**

1. Defendant Co-Advantage admits this Court has original jurisdiction based on Ms. Makousky's federal civil rights claims, but denies the remaining allegations in this paragraph.

2. Admitted.

3. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3.

4A. Admitted.

4B. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4B.

4C. Defendant Co-Advantage admits it is a Florida corporation and that as a Florida corporation it is subject to suit in this court. Defendant Co-Advantage denies all remaining allegations in Paragraph 4C.

5. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5.

6. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendant Co-Advantage denies it hired the Plaintiff and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

8. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Admitted.

10. Defendant Co-Advantage is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant Co-Advantage denies it is a covered employer of Plaintiff under the Pregnancy Discrimination Act ("PDA") or Title VII, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11.

12. Defendant Co-Advantage is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Denied.

14. Denied as to Defendant Co-Advantage, and it is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 as to the remaining defendants.

15. Denied.

16. Defendant Co-Advantage did not fire Ms. Makousky and therefore denies the allegations in Paragraph 16.

17. Denied.

18. Defendant Co-Advantage denies Ms. Makousky is entitled to any of the relief sought in Paragraph 18 and denies any liability under the statutes cited by the Plaintiff.

## Count 2. Racial Discrimination against all Defendants
## 42 U.S.C. §1981

19. Defendant Co-Advantage restates and incorporates by reference its answers to Paragraphs 1 through 10 above.

20. Denied.

21. Defendant Co-Advantage is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Defendant Co-Advantage is without information or knowledge sufficient to form a belief as to the truth of the allegations that Mr. Stevenson used the term "monkey lover," that it was intended as a racially derogatory term by him referring to African-Americans in general, and to Ms. Makousky in particular as "monkeys." Defendant Co-Advantage denies the remaining allegations in Paragraph 22, and denies having any racial animus towards the Plaintiff or African-Americans.

23. Defendant Co-Advantage denies it terminated Ms. Makousky and denies the remaining allegations in Paragraph 23.

24. Defendant Co-Advantage is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

## AFFIRMATIVE DEFENSES

30. **First Affirmative Defense:** Defendant had a well-disseminated policy and complaint procedure for preventing and addressing acts such as those alleged by the Plaintiff and the Plaintiff unreasonably failed to avail herself of this policy and complaint procedure.

31. **Second Affirmative Defense:** Plaintiff failed to mitigate her damages. To the extent that Plaintiff has failed to make a good faith reasonable effort to mitigate her damages, she is not entitled to relief. Defendant Co-Advantage is entitled to an offset for any amounts Plaintiff has received in mitigation of her damages.

32. **Third Affirmative Defense:** Plaintiff's claims against Defendant Co-Advantage are barred by the statute of limitations.

33. **Fourth Affirmative Defense:** Plaintiff is barred from bringing this action because she has suffered no damage or injury as a result of any actions of Co-Advantage.

34. **Fifth Affirmative Defense:** Plaintiff is barred from bringing this lawsuit or obtaining any of the relief requested because any damages or injury she suffered was the result of her own acts or omissions in failing to perform her job duties.

35. **Sixth Affirmative Defense:** Plaintiff's claim against Defendant Co-Advantage in Count I is barred because she has failed to fulfill the conditions precedent to bringing this claim. Despite having knowledge of Defendant Co-Advantage as a payroll company, Plaintiff failed to name Defendant Co-Advantage in her EEOC charge as required by Title VII and the Pregnancy Discrimination Act ("PDA"), nor did she notify Co-Advantage of her claims against it.

36. **Seventh Affirmative Defense:** All Plaintiff's claims against Defendant Co-Advantage are barred because Co-Advantage is an employee leasing company or professional employer organization. As a professional employer organization, Co-Advantage provided only administrative services to Defendant Wing King Three and Beef O'Brady's, the Plaintiff's worksite employer, in the form of workers' compensation, preparing payroll, unemployment benefits, and other benefits as well as assistance related to those administrative obligations. All liability for Plaintiff's claims is the responsibility of the other Defendants, not Co-Advantage. Even if it is determined that Co-Advantage is liable for any part of Plaintiff's claims, Defendant Wing King Three has indemnified Co-Advantage for Plaintiff's claims pursuant to the Client Services Agreement between the parties.

37. **Eighth Affirmative Defense:** All Plaintiff's claims against Defendant Co-Advantage are barred because there was no employee/employer relationship between the Plaintiff and Co-Advantage as that term is defined under Title VII, the PDA, or 42 U.S.C. §1981.

38. **Ninth Affirmative Defense:** All Plaintiff's claims against Defendant Co-Advantage are barred because there was no employee/employer relationship between Defendants Bill Stevenson and Julia Stevenson and Co-Advantage under Title VII, the PDA or 42 U.S.C. §1981.

39. **Tenth Affirmative Defense:** All Plaintiff's claims against Defendant Co-Advantage are barred because there was no principal/agent relationship between Co-Advantage and any other Defendant in this action and therefore, Co-Advantage is not liable for the acts or omissions of those Defendants.

40. **Eleventh Affirmative Defense:** All Plaintiff's claims against Defendant Co-Advantage are barred by the doctrine of "unclean hands."

41. **Twelfth Affirmative Defense:** Defendant Co-Advantage's acts or omissions were not the proximate cause of Plaintiff's injury.

42. **Thirteenth Affirmative Defense:** Plaintiff's alleged injuries were not a foreseeable consequence of any action taken by Defendant Co-Advantage.

## DEFENSES

44. **First Defense:** Defendant Co-Advantage was unaware of Plaintiff's pregnancy during the relevant time frame for this lawsuit.

45. **Second Defense:** Defendant Co-Advantage did not terminate Plaintiff or take any other adverse action against her.

46. **Third Defense:** Bill Stevenson and Julia Stevenson were not employees of Co-Advantage as that term is defined under Title VII or the PDA.

47. **Fourth Defense:** If Bill Stevenson or Julia Stevenson were deemed employees of Co-Advantage, the alleged wrongful actions attributed to them in Plaintiff's Second Amended Complaint were outside the course and scope of employment.

48. **Fifth Defense:** Defendant Co-Advantage made all employment decisions and took all employment actions related to Plaintiff based on legitimate non-discriminatory reasons.

49. **Sixth Defense:** Plaintiff was an at-will employee and could be terminated at any time with or without cause.

50. **Seventh Defense:** Even if the alleged "money lover" comment was made, there was no employment or other contractual relationship in existence between the Plaintiff and Co-Advantage.

51. **Eighth Defense:** Defendant Co-Advantage was not aware of Plaintiff's boyfriend's (now husband's) race or that Plaintiff was involved in an inter-racial relationship.

52. **Ninth Defense:** Defendant Co-Advantage afforded Plaintiff the terms, conditions, benefits and privileges on a legitimate, non-discriminatory basis.

53. **Tenth Defense:** To the extent Defendant Co-Advantage took any employment actions with respect to Plaintiff, none of its decisions that affected Plaintiff's terms, conditions, benefits and privileges of employment were based on Plaintiff's gender, her pregnancy or her race.

54. **Eleventh Defense:** Plaintiff has suffered no damages or injuries.

55. **Twelfth Defense:** Defendant Co-Advantage did not have actual or constructive knowledge of any of the alleged wrongful actions in Plaintiff's Complaint.

56. **Thirteenth Defense:** There was no contractual relationship between Co-Advantage and the Plaintiff or Plaintiff's husband.

57. **Fourteenth Defense:** Defendant Co-Advantage did not control or supervise Plaintiff's worksite or her worksite employers.

59. **Fifteenth Defense:** Defendant Co-Advantage was not a joint employer, nor "closely related" to any of the other defendants.

61. **Sixteenth Defense:** Defendant Co-Advantage is entitled to all statutory protections provided to employee leasing companies or professional employer organizations.

WHEREFORE, Defendant Co-Advantage respectfully requests judgment be entered against Plaintiff, that Plaintiff's demand for damages, attorneys' fees, costs and any other relief this Court deems just and proper.

Respectfully submitted this 5th day of January, 2005.

/s/ Lorraine Maass Hultman
JOHN M. HAMENT
Florida Bar No. 937770
LORRAINE MAASS HULTMAN
Florida Bar No. 250511
Kunkel Miller & Hament
Attorneys for Defendant Co-Advantage
Orange Professional Centre
235 N. Orange Ave., Ste. 200
Sarasota, FL 34236
Ph: 941-365-6006
Fax: 941-365-6209
Email: lori@laborattys.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court on the 5th day of January, 2006, by using the CM/ECF system, which will send a notice of electronic filing to the following: Mark Tietig, Esq., Tietig & Tietig, P.A., 6065 South Tropical Trail, Merritt Island, FL 32952, Attorney for Plaintiff; Stacy D. Blank, Esq., Holland & Knight, LLP, P.O. Box 1288, Tampa, FL 33601, Attorneys for Wing King Three, Beef O'Brady's, Bill Stevenson, and Julia Stevenson.

              /s/ Lorraine Maass Hultman
              Lorraine Maass Hultman